UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| NATHAN TRENT FREEMAN, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No.  1:12-cv-102 |
| | ) | Mattice/Lee |
| MARION COUNTY, DR. BRENDA SOWTER; NURSE REBA KILGORE, | ) ) ) | |
| Defendants. | ) | |

## **MEMORANDUM**

Nathan Trent Freeman ("Plaintiff") filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 (Court Doc. 2) and a motion to proceed *in forma pauperis* (Court Doc. 1).  On May 17, 2012, the Court issued an order directing Plaintiff to complete the service packet and return it to the District Court Clerk within twenty (20) days of the date of the order (Court Doc. 6).  Plaintiff was forewarned that failure to return the completed service packet within the time required would result in the dismissal of his case.

The Court's Order was returned stamped "Refused" and "Return to Sender" with a handwritten note that Plaintiff was paroled on May 23, 2012 (Court Docs. 7, 8). Without the Plaintiff's correct address, the Court cannot communicate with him regarding his case. Plaintiff has not notified the Court of a current address; thus, the Court is unable to mail an Order to him.

Federal Rule of Civil Procedure 41(b) permits the involuntary dismissal of a suit when a plaintiff fails to prosecute his case. The Court's inability to communicate with Plaintiff and the Court's interest in managing the docket weigh in favor of dismissal, as the Court cannot hold this case in abeyance indefinitely based on Plaintiff's failure to notify the Court of his current address.

Plaintiff has given no indication that he intends to proceed with this action. Rule 41(b) of the Federal Rules of Civil Procedure allows a court to dismiss an action *sua sponte* for failure to prosecute or for failure to comply with the federal rules or any court order. This authority is based on the Court's inherent authority to control its docket and prevent undue delays in the disposition of pending cases. Given the Court's inability to communicate with Plaintiff due to his failure to keep the Court apprised of his current address, no lesser sanction than dismissal is feasible. Therefore, this action will be **DISMISSED** for Plaintiff's failure to prosecute and to comply with the orders of this Court. Fed. R. Civ. P. 41(b); *Jourdan v. Jabe*, 951 F.2d 108 (6th Cir. 1991).

A judgment will enter.

                                        */s/ Harry S. Mattice, Jr*
                                        HARRY S. MATTICE, JR.,
                                      UNITED STATES DISTRICT JUDGE

2

Case 1:12-cv-00102-HSM-SKL   Document 9   Filed 06/15/12   Page 2 of 2   PageID #: 38